# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ALTIUM DEVELOPMENT GROUN, LLC, et al., ) <br> ) <br> Defendant(s). ) <br> _____ ) | Case No. 2:14-cv-01407-RCJ-NJK <br><br> ORDER DENYING MOTION TO STRIKE <br><br> (Docket No. 28) |

Pending before the Court is Plaintiff's motion to strike the amended notice of removal. Docket No. 28. Defendants filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 30 , 41. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to strike is hereby **DENIED**.

A motion to strike material from a pleading[1] is made pursuant to Rule 12(f), which allows courts to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that may arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Motions to strike are disfavored. *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013). "Given their disfavored status, courts often require a showing of prejudice by the moving party before

---

[1] The parties disagree as to whether Rule 12(f) applies only to pleadings, or can be extended to apply to other documents filed on the docket. Because the Court finds that striking is not appropriate regardless, it will assume without deciding that Rule 12(f) applies to the pending motion.

granting the requested relief." *Id.* "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

Plaintiff's primary argument is that much of the amended notice is redundant, thus warranting striking. *See* Docket No. 28 at 3. This is not a compelling reason to expend party and judicial resources by filing a motion to strike. "[I]t is the generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a *clear showing of prejudice* to the movant . . . Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings." *Russell Road Food & Bev., LLC v. Galam*, 2013 WL 6684631, *2 (D. Nev. Dec. 17, 2013) (quoting 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382, at 457-58 (2004)) (emphasis in original). No such showing of prejudice has been made in this case.[2]

Accordingly, the motion to strike is hereby **DENIED**.

IT IS SO ORDERED.

DATED: October 24, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Plaintiff also argues that some contentions in the amended notice of removal are "disingenuous" and "ill-conceived." *See* Docket No. 28 at 4-5. Plaintiff fails to explain why its motion to remand is not the proper vehicle to address such concerns.