# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAWS UP RANCH, LLC, d/b/a THE RESORT AT PAWS UP, a Nevada Limited Liability Company,

        Plaintiff,

vs.

ALTIUM DEVELOPMENT GROUP, LLC, *et al.*,

        Defendants.

2:14-cv-01407-RCJ-NJK

**ORDER**

This case arises from Defendants' alleged violation of federal and state racketeering ("RICO") laws, as well as Plaintiff's allegations of breach of contract and breach of fiduciary duties. Currently before the Court is Plaintiff's Motion for Remand. (ECF No. 24). The Court has also reviewed Defendants' Response (ECF No. 37) and Plaintiff's Reply (ECF No. 45). For the reasons contained herein, Plaintiff's motion is GRANTED.

**I.    PROCEDURAL HISTORY AND FACTS**

Plaintiff is a resort located about thirty miles from Missoula, Montana that provides "affluent families" with "experiential travel." (First Amended Complaint ("FAC") ¶ 22, ECF No. 1, Ex. 1). In 2008, Plaintiff attempted to secure business loans in order to expand its business. However, Plaintiff found obtaining a loan during this time to be "extremely difficult" due to the Nation's financial crisis. (*Id.* ¶¶ 22–23). Plaintiff was then introduced to Christopher

1

Green ("Mr. Green") and Defendant Joseph Canfora ("Mr. Canfora").  Mr. Green and Mr. Canfora allegedly represented to Plaintiff that they were "experienced brokers possessing the requisite financial expertise" to assist Plaintiff in locating and obtaining funding for the business. (*Id.* ¶ 26).  Mr. Green and Mr. Canfora also indicated that their company, Altium Development ("Altium"), had financial contacts to help Plaintiff secure loans. (*Id.* ¶¶ 25, 27).  Plaintiff believed that Altium was operated by Mr. Green along with a number of other individuals and financial companies including Defendants Merit Gaming Group LLC ("Merit"), Kennedy Funding, StratCap 1, Stratcap, Mr. Canfora, Teresa Canfora ("Ms. Canfora"), the Canfora Trust, Edmund Pilarz ("Mr. Pilarz"), Stephania Pilarz ("Ms. Pilarz"), Barry Edmonson ("Mr. Edmonson"), Mobin Kahn ("Mr. Kahn"), and JOGAR, LLC ("JOGAR"). (*Id.* ¶ 29).  During its courtship with Altium, Plaintiff was allegedly introduced to Mr. Pilarz, Mr. Edmonson, and Mr. Kahn, all of whom Plaintiff understood to be affiliated with Altium in some way. (*Id.* ¶ 28). After multiple in-person meetings, email exchanges, and telephone calls, Plaintiff agreed to hire Altium to assist Plaintiff in its financing efforts.  The parties thereafter signed a consulting agreement ("the Altium Contract").

The Altium Contract required Plaintiff to pay a monthly retainer of $5,000 from which the costs of Altium's services would be deducted. (Altium Contract, ECF No. 1, Ex.1, at 39). Plaintiff made this payment each month from July 2008 to December 2009 by wire transfer. (FAC ¶ 34).  Plaintiff alleges that during this time Altium and those parties related to it failed to provide the services that were promised, including conducting due diligence on financial sources before recommending those sources to Plaintiff. (*Id.*  ¶ 32).  Instead, Plaintiff claims that Altium took its money illegally and distributed it to Altium's affiliates "for their own pecuniary gain and not for the benefit of the Plaintiff." (*Id.* ¶ 35).  Plaintiff identifies Ms. Pilarz, Stratcap, and

2

JOGAR as parties to whom Altium transferred Plaintiff's money. (*Id.*). Plaintiff alleges that each of the Defendants "failed to perform and never had any intention to perform the work and services agreed to and paid for by Plaintiff." (*Id.* ¶ 38).

Plaintiff brought this action accusing Defendants Altium, Merit, Kennedy Funding, StratCap 1, Stratcap, Mr. Canfora, Ms. Canfora, the Canfora Trust, Mr. Pilarz, Ms. Pilarz, Mr. Edmonson, Mr. Kahn, and JOGAR (collectively "the RICO Defendants") of knowingly participating in a fraudulent scheme to obtain Plaintiff's money by promising loans and financing that they knew would never be forthcoming. (*Id.* ¶ 50). Plaintiff alleges that this constitutes "racketeering activity" in violation of 18 U.S.C. Section 1962 and NRS 207.400, for which the RICO Defendants are individually liable. Plaintiff also alleges that a number of the Defendants also breached the Altium Contract and fiduciary duties owed to Plaintiff. In all, Plaintiff's FAC alleges twenty causes of action.

Plaintiff filed its lawsuit in state court in Clark County, Nevada on July 15, 2014. Defendant JOGAR was served on August 7, 2014. (Affidavit of Service, ECF No. 23-1, Ex. 4). On August 28, 2014 JOGAR filed a notice of removal asserting that the Court had subject-matter jurisdiction over the case pursuant to both 28 U.S.C. Section 1331 and Section 1332. (Amended Notice of Removal ¶ 7, ECF No. 23). Defendants Merit, Mr. Edmonson, Mr. Canfora, Ms. Canfora, and the Canfora Trust joined JOGAR's petition. (*Id.*). However, JOGAR noted that it was unsuccessful in obtaining consent for removal from Mr. Pilarz and Ms. Pilarz. (*Id.*). JOGAR indicated that Mr. Pilarz had not been properly served and that Ms. Pilarz had not responded to either the FAC or JOGAR's attempts to contact her. On September 4, 2014, JOGAR filed a motion to dismiss Plaintiff's FAC. (ECF No. 8). While that motion was pending, Plaintiff filed a motion to remand the case to state court claiming that Defendants' notice of removal was

procedurally defective.  In particular, Plaintiff argues in its motion that the absence of Mr. Pilarz's and Ms. Pilarz's consent to removal requires remand.  Before ruling on Defendants' motion to dismiss, the Court found it prudent to determine whether the case was properly removed in the first place.

## II. LEGAL STANDARD

A defendant may remove a legal action from state to federal court by filing a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1441(a).  If a case is removed to federal court, a party may challenge that removal by filing a motion to remand. 28 U.S.C. § 1447(c).  The court may remand the case for the lack of subject matter jurisdiction or if the removal involved any form of procedural defect. *Id.*  A motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction "must be made within 30 days after the filing of the notice of removal." *Id.*  The party seeking removal bears the burden of establishing that all removal requirements are met by a preponderance of the evidence. *Etheridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  Moreover, the removal statutes are to be construed restrictively and any doubts regarding the right of removal are resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "If the removal has not been effectuated in a procedurally correct manner, the Plaintiff will prevail in a motion for remand." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 990 (D. Nev. 2005).

## III. DISCUSSION

Plaintiff asserts that this case should be remanded to the state court because Defendants'

4

1  notice of removal was defective.  Specifically, Plaintiff argues that Defendants failed to receive

2  consent from Mr. Pilarz and Ms. Pilarz prior to filing the notice of removal.  The judge-made

3  "rule of unanimity" demands that all defendants in an action must generally join in the notice of

4  removal or otherwise consent to removal within the thirty-day period to perfect removal. *See,*

5  *e.g.*, *Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *United Steel, Paper,*

6  *& Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 549

7  F.3d 1204, 1208 (9th Cir. 2008); *Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co.*,

8  644 F.2d 1310, 1314 (9th Cir. 1981).  "Where fewer than all the defendants have joined in a

9  removal action, the removing party has the burden under section 1446(a) to explain affirmatively

10 the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.)*

11 *Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (overruled on other grounds).  Any deficiencies should

12 be cured within the statutory thirty-day period or the court will find removal improper. *Id.*

13      The Ninth Circuit however does recognize four exceptions to the rule of unanimity. *Voga*

14 *v. U.S. Bank*, No. 3:11-cv-316-RCJ-VPC, 2011 WL 5180978, at *3 (D. Nev. Oct. 27, 2011)

15 (citation omitted).  "First, the rule does not apply if the defendant who has not joined in the

16 petition was not properly served before the notice of removal was filed." *Id.* (citing *Salveson v.*

17 *W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded by statute on other

18 grounds)).  "Second, nominal defendants need not consent to removal." *Id.* (citing *Hewitt v. City*

19 *of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986)).  "Third, when an independent claim which

20 is removable under 28 U.S.C. § 1441(c) is joined with claims that are not removable, only the

21 defendants to the independent claim must be joined in the notice of removal." *Id.* (citing

22 *Toshavik v. Alaska Airlines, Inc.*, No. N99-2-cv-JWS, 1999 WL 33456492, at *1 (D. Alaska

23 Nov. 15, 1999)).  "Finally, parties which have been joined fraudulently are not required to

24

consent in the removal." *Id.* (citing *United Computer Sys., Inc. v. AT&T Corp.*, 248 F.3d 756, 762 (9th Cir. 2002)).

Defendants concede that neither Mr. Pilarz nor Ms. Pilarz have given consent to the removal of this action. (Defs.' Opp'n 2, ECF No. 37).  However, Defendants argue that Plaintiff failed to properly serve Mr. Pilarz before they filed their notice of removal, negating the need for his consent.  The Court agrees that the initial service to Mr. Pilarz was defective.  Service may be accomplished by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).  Here, Plaintiff attempted to serve Mr. Pilarz by leaving the summons and complaint with his father at his father's home in Kansas. (Edmund Pilarz, Sr. Decl. ¶¶ 5–6, ECF No. 23-1, Ex. 6).  Mr. Pilarz's father's home was not Mr. Pilarz's dwelling or usual place of abode since he had not lived there for "many years." (*Id.*)  Thus, the service was improper.

Nevertheless, Plaintiff asserts that Mr. Pilarz's father agreed to deliver the summons and complaint to Mr. Pilarz, which Plaintiff argues would constitute a "receipt" of the summons as required by 28 U.S.C. Section 1446(b)(2)(B).  Although Plaintiff's process server claims that Mr. Pilarz's father assured him that the summons would be delivered to Mr. Pilarz, (Shirley Aff. ¶¶ 4–9, ECF No. 41-1), there is no evidence that Mr. Pilarz actually received the copy that was left at his father's house.  Rather, Mr. Pilarz contacted Plaintiff's counsel and provided her with an Illinois address so that a copy of the summons and complaint could be mailed directly to him. (Williamson Decl. ¶ 9, ECF No. 42).  Mr. Pilarz was properly served at this Illinois location on October 30, 2014, (ECF No. 46), well after the thirty-day period Defendants had to file their notice of removal.  Therefore, the lack of Mr. Pilarz's consent does not warrant a remand in this case because he was improperly served before the notice of removal was filed. *See Voga*, 2011

6

WL 5180978, at *3.

However, Defendants' failure to obtain consent from Ms. Pilarz is a procedural defect that requires the Court to remand the case to state court. Defendants do not challenge whether Ms. Pilarz was properly served prior to their filing the notice of removal,[1] but instead argue that Ms. Pilarz is only a nominal defendant whose consent to removal is unnecessary. (Defs.' Opp'n 3). "[A] defendant is only considered a nominal defendant 'where his role is limited to that of a stakeholder or depositary.'" *Knutson*, 358 F. Supp. 2d at 991–92 (quoting *Hewitt*, 798 F.2d at 1232)). Other courts have indicated that a defendant is not nominal if he or she is an indispensable party. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (citation omitted) (recognizing that the ultimate test of whether a defendant is an indispensable party "is whether in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff"). In this case, Plaintiff specifically names Ms. Pilarz as a RICO Defendant and alleges that she personally received the transfer of approximately $133,833.36 of fraudulently obtained money over the course of eight months. (FAC ¶ 35). Plaintiff even provides documentation of the transfers that explicitly list "Stephania Pilarz" as the "beneficiary" of the funds. (*See, e.g.*, ECF No. 23-1, Ex. 2, at 46).

Moreover, even if Ms. Pilarz agreed to receive the funds on behalf of her husband and was not further involved in the alleged RICO scheme, she could still potentially be liable under

---

[1] In their Amended Notice of Removal, Defendants stated that it was "unknown" whether Ms. Pilarz had been properly served. (Amended Notice of Removal ¶ 8(c)). The Court notes that lack of knowledge regarding whether a named defendant has been properly served does not excuse Defendants from satisfying the rule of unanimity since Defendants bear the burden of establishing that removal is proper. *See Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014) (holding that removal was proper because the defendant failed to obtain consent from a named defendant despite defendant's lack of knowledge whether the co-defendant was properly served prior to filing the notice of removal). In any event, the record contains an affidavit of service for Ms. Pilarz stating that she was personally delivered a copy of the summons and complaint on August 9, 2014, (Affidavit of Service, ECF 23-1, Ex. 4, at 160), which was well before Defendants filed their notice of removal.

the federal RICO statute.  Plaintiff alleges that Ms. Pilarz was associated with Altium in some manner as evidenced by her receiving wire transfers from the company.  If a jury ultimately concluded that there was an association between Ms. Pilarz and Altium, Ms. Pilarz could hypothetically be liable for indirectly participating in Altium's alleged unlawful activities by accepting fraudulently obtained money. *See* 18 U.S.C. § 1962(c).  Without Ms. Pilarz's participation in this lawsuit to determine the extent of her involvement in Altium's alleged activities, the Court may not be able to enter a final judgment in good conscience. *See Tri-Cities Newspapers, Inc.*, 427 F.2d at 327.  Accordingly, Ms. Pilarz's presence in this lawsuit is more than that of a mere stakeholder or depositary. *Hewitt*, 798 F.2d at 1232.  Thus, the Court finds that Ms. Pilarz is more than a nominal defendant in this case.  Because she is not a nominal defendant, Ms. Pilarz's consent to the notice of removal was required. *See Prize Frize, Inc.*, 167 F.3d at 1266.  Defendants concede that they did not receive her consent. (Defs.' Opp'n 2).  The Court, therefore, finds that Defendants' removal was procedurally deficient and that remand is the appropriate course of action.  Plaintiff's motion to remand is GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 24) is GRANTED.  The case is hereby remanded to the state court.

IT IS SO ORDERED.

Dated:  December 18, 2014

_____
ROBERT C. JONES
United States District Judge

8